**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS A. GUILLEN, AKA Carlos Alfredo Guillen-Bocaneda, | No.   14-71716 |
| Petitioner, | Agency No. A095-756-752 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Carlos A. Guillen, a native and citizen of Peru, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo due process claims, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

We reject Guillen's contentions based on streamlining because the BIA did not issue a streamlined decision in this case.

Guillen does not challenge the agency's dispositive determination that his asylum application was untimely and that he failed to establish any changed or extraordinary circumstances to excuse his untimely filing. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Thus, we deny the petition as to Guillen's asylum claim.

Substantial evidence supports the agency's conclusion that Guillen did not establish that the threats he received from a weapon smuggler constituted past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (record did not compel the finding that petitioner experienced past persecution).

14-71716

Substantial evidence also supports the agency's conclusion that Guillen did not establish a clear probability that his life or freedom would be threatened in Peru. *See id.* at 1018 (possibility of future persecution "too speculative"). Accordingly, his withholding of removal claim fails.

Further, substantial evidence supports the agency's denial of Guillen's CAT claim because Guillen failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Peru. *See Silaya*, 524 F.3d at 1073.

Finally, we lack jurisdiction to consider Guillen's unexhausted contentions challenging the IJ's denial of voluntary departure because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**